

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00118-CV

Miles G. **GOOD**,
Appellant

v.

Marissa C. **GOOD**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 20-429
Honorable Kirsten Cohoon, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: April 10, 2024

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final, appealable judgment on October 6, 2023. Because appellant timely filed a motion for new trial, the notice of appeal was due 90 days later, on January 4, 2024. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due by January 19, 2024. *See* TEX. R. APP. P. 26.3.

Appellant filed his notice of appeal on February 14, 2024, and his motion for extension of time to file the notice of appeal on February 20, 2024. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate

court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Because the notice of appeal and motion for extension of time were untimely filed, on March 5, 2024, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. *See id*. In our order, we noted that if appellant failed to adequately respond to this order by the date ordered, this appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3.

On March 8, 2024, appellant filed an amended notice of appeal that we construe as a response to our March 5 order. In his response, appellant agrees the final judgment was signed on October 6, 2023. He also notes that he timely filed a motion for new trial on November 5, 2023, which was overruled by operation of law on January 19, 2024. Appellant argues: "When a Motion for New Trial is overruled by operation of law, the deadline for filing a Notice of Appeal is 90 days from the final order appealed. In this case, that would be February 9, 2024." But 90 days from the date the October 6, 2023 judgment was signed is January 4, 2024. Even with a motion for extension of time, appellant's notice of appeal was due no later than January 19, 2024. *See* TEX. R. APP. P. 26.1(a), 26.3; *Houle v. Onetouchpoint Sw. Corp.*, No. 04-18-00104-CV, 2018 WL 2024648, at *1 (Tex. App.—San Antonio May 2, 2018, no pet.) (mem. op.) (per curiam). Because appellant's February 14, 2024 notice of appeal and February 20, 2024 motion for extension of time were untimely filed, we lack jurisdiction to take any action but dismiss this appeal. *See Verburgt*, 959 S.W.2d at 617; *Houle*, 2018 WL 2024648, at *1.

PER CURIAM